IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SEAN CERAMI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| VILLAGE OF SCHAUMBURG, | ) |
| a municipal corporation, | ) |
| TERRANCE O'BRIEN, | ) |
| a Village of Schaumburg Police Officer, | ) |
| MATTHEW HUDAK, | ) |
| A Village of Schaumburg Police Officer, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

1. The Plaintiff, Sean Cerami, is a resident of DuPage County, Illinois.

2. Defendant Terrance O'Brien ("Defendant O'Brien"), a former Village of Schaumburg police officer, is currently a prisoner at the Menard Correctional Center, serving a 24-year prison sentence for burglary, manufacture/delivery of a controlled substance, official misconduct, and armed violence.

3. Defendant Matthew Hudak ("Defendant Hudak"), a former Village of Schaumburg police officer, is currently a prisoner at the Dixon Correctional Center, serving a 26-year prison sentence for burglary, manufacture/delivery of a controlled substance, official misconduct, and armed violence.

4. At all times relevant to this complaint, Defendants O'Brien and Hudak were acting under color of law, and within the course and scope of his employment as a Village of Schaumburg police officer.

5. Defendant Village of Schaumburg ("Defendant Village") is sued based on an

indemnification theory of liability, as well as a *Monell* theory of liability.

6. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a), as well as the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c)(d).

7. In the Spring of 2011, Defendant O'Brien, on duty as a Schaumburg police officer, stopped the Plaintiff's vehicle, having recognized the Plaintiff from a previous drug arrest.

8. The Plaintiff had been recently paroled, he was not involved in taking or selling drugs, and was attempting to clean up his life.

9. During that stop, even though the Plaintiff told Defendant O'Brien that he no longer was involved with illegal drugs, Defendant O'Brien threatened the Plaintiff that he would plant drugs and him and that he would go back to prison if he did not cooperate with Defendant O'Brien in giving Defendant O'Brien the name of a drug dealer.

10. Defendant O'Brien then let the Plaintiff go.

11. The Plaintiff did not provide Defendant O'Brien with the name of any drug dealer, and thus when Defendant O'Brien saw the Plaintiff again, O'Brien again pulled the Plaintiff over while on duty, and told the Plaintiff that it was "too late now."

12. Thereafter, Defendant O'Brien searched the Plaintiff and his home, and came out of the house showing the Plaintiff narcotics, claiming he found them in the Plaintiff's home, which was simply not true. This was planted, *i.e.* fabricated and/or

manufactured evidence, since the Plaintiff did not possess any illegal drugs.

13. Furthermore, during the search, Defendant O'Brien stole hundreds of dollars of legitimate money from the Plaintiff, and personally kept the money for himself, all the while concealing this fact in official reports about the incident.

14. Upon information and belief, Defendant Hudak knew that Defendant O'Brien had stolen this money.

15. Stealing money from citizens, drug dealers and/or arrestees was part of a scheme that Defendants O'Brien and Hudak had been involved in for years, and this robbery was in furtherance of this scheme to make Defendants O'Brien and Hudak wealthy, by covering up for each other when each of them stole money.

16. Defendants O'Brien and Hudak entered into a conspiracy to legitimize the illegal search by obtaining a search warrant.

17. On or about May 11, 2011, Defendant Hudak swore out a complaint for a search warrant seeking a search warrant to search the Defendant and his home at 210 North Waterford Drive in Schaumburg, Cook County, Illinois.

18. In that complaint, Defendant Hudak fabricated and/or manufactured evidence in order to induce a Cook County judge to issue the search warrant.

19. In that complaint, Defendant Hudak fabricated and/or manufactured evidence that the Plaintiff was selling cocaine out of his home, including but not limited to the fact that there was a confidential informant ("CI") and/or multiple CIs, and that Defendant Hudak made personal observations that indicated the Plaintiff sold the CI narcotics out of the Plaintiff's home on numerous occasions prior to the execution of the search warrant.

20. The Plaintiff did not sell the CI any cocaine, nor any other person any cocaine; this was complete fabrication, a fabrication known to be one by Defendants Hudak and O'Brien.

21. Hudak, like Defendant O'Brien, knew the Plaintiff did not possess any narcotics and knew Defendant O'Brien planted that evidence, but Defendant Hudak nevertheless conspired with O'Brien to falsely claim in police reports that narcotics were found in the Plaintiff's home, the basis of which was the Plaintiff being charged with felony drug possession in the Circuit Court of Cook County.

22. Before trial, the Plaintiff's attorney filed a motion requesting a *Franks* hearing, and on January 17, 2012, a judge denied the motion, relying on the fabricated and/or manufactured evidence provided in the complaint for the search warrant and in police reports.

23. Faced with the prospect of serving a long prison sentence if he lost at trial, the Plaintiff accepted an offer from the State to plead guilty, and on February 28, 2012, the Plaintiff entered a guilty plea to the felony offense of possession of a controlled substance, and on April 13, 2012, the Plaintiff was sentenced to 4 years in the Illinois Department of Corrections.

24. In January of 2013, Defendants O'Brien and Hudak were charged with multiple felony convictions in DuPage County, after an investigation revealed these Defendants were corrupt police officers who conspired with each other and others to steal, burglarize, intimidate witnesses, commit armed violence, commit perjury, deal in large amounts of illegal narcotics, commit home invasions, and other serious felony offenses in order to gain wealth from engaging in an enterprise of robbing drug

4

dealers and non-drug dealers and dealing drugs themselves.

25. The Defendants engaged in a conspiracy with themselves and others to commit serious felonies in an attempt to gain wealth for themselves, and used an "enterprise" (the Village of Schaumburg Police Department), to do so. This enterprise was engaged in activities that affected interstate commerce.

26. Defendants O'Brien and Hudak individually and collectively, and in a conspiracy, engaged in a pattern of racketeering activating within the meaning of 18 U.S.C. §§ 1961, 1962 (c), to wit robbery, extortion, witness intimidation, dealing in narcotics, obstructing the enforcement of laws, the manufacturing/falsification of evidence, and other serious felony offenses.

27. As a result of the acts of the Defendants, the Plaintiff was injured in his property, *inter alia* Defendant O'Brien stole money from the Plaintiff and Defendants O'Brien and Hudak conspired to cover up this fact in official reports.

28. On May 17, 2013, the Plaintiff filed a petition to vacate his guilty plea based on newly discovered evidence, *i.e.* the revelation of police corruption.

29. On July 19, 2013, the Court vacated the Plaintiff's conviction.

30. On August 16, 2013, the Cook County State's Attorney's Office dismissed all charges against the Plaintiff.

31. As a result of the unlawful actions of Defendants O'Brien and Hudak, the Plaintiff suffered a loss of liberty (he was sentenced to a 4-year prison term), and a loss of property, including but not limited to cash that was stolen from him by Defendant O'Brien, but also several thousands of dollars in attorneys' fees and loss of income/economic opportunity.

32. The Plaintiff brings a federal Section 1983 due process claim against Defendants O'Brien and Hudak for fabrication/manufacture of evidence, and also a RICO claim against Defendants O'Brien and Hudak, seeking treble damages and attorneys' fees and costs.

33. The Plaintiff also brings a *Monell* claim against Defendant Village of Schaumburg for failing to train, supervise, monitor, discipline, counsel or otherwise maintain control of its police officers so as to prevent them from stealing money from individuals such as the Plaintiff, and so as to prevent them from manufacturing and/or fabricating evidence.

34. Upon information and belief, Defendant Village was well aware of a pattern and practice of activity by these Defendant officers, and others, that put them on notice that its officers were engaging in corrupt activities, including stealing, robbing, and planting evidence, but Defendant Village did nothing to prevent this from occurring, the proximate cause of which was the Plaintiff being falsely imprisoned and being robbed of his money, as well as other damages.

35. The Plaintiff suffered severe emotional distress as a result of the actions of the Defendants.

36. The Plaintiff seeks compensatory and punitive damages against Defendants O'Brien and Hudak, and because they acted maliciously, punitive damages and attorneys' fees and costs as well.

37. The Plaintiff seeks indemnification for all compensatory damages and attorneys' fees and costs from Defendant Village of Schaumburg.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: s/ Richard Dvorak
Richard Dvorak,
One of the Plaintiff's Attorneys.


Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146
richard.dvorak@civilrightsdefenders.com