IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SEAN CERAMI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 15 C 6281 |
| | ) | |
| VILLAGE OF SCHAUMBURG, | ) | Hon. Judge Manish S. Shah |
| a municipal corporation, | ) | |
| TERRANCE O'BRIEN, | ) | Hon. Mag. Judge Daniel Martin |
| a Village of Schaumburg Police Officer, | ) | |
| MATTHEW HUDAK, | ) | |
| A Village of Schaumburg Police Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

The Plaintiff, SEAN CERAMI, through his attorneys, DVORAK LAW OFFICES, LLC, hereby complains against the Defendants, VILLAGE OF SCHAUMBURG, TERRANCE O'BRIEN, and MATTHEW HUDAK, as follows:

1. The Plaintiff, Sean Cerami, is a resident of DuPage County, Illinois.

2. Defendant Terrance O'Brien ("Defendant O'Brien"), a former Village of Schaumburg police officer, is currently a prisoner at Illinois' Menard Correctional Center, serving a 24-year prison sentence for burglary, manufacture/delivery of a controlled substance, official misconduct, and armed violence, all state law felonies.

3. Defendant Matthew Hudak ("Defendant Hudak"), a former Village of Schaumburg police officer, is currently a prisoner at Illinois' Dixon Correctional Center, serving a 26-year prison sentence for burglary, manufacture/delivery of a controlled substance, official misconduct, and armed violence, all state law felonies.

4. At all times relevant to this complaint, Defendants O'Brien and Hudak were acting under color of law, and within the course and scope of their employment as Village of

Schaumburg police officers.

5. Defendant Village of Schaumburg ("Defendant Village") is sued based on an indemnification theory of liability, as well as a *Monell* theory of liability as to the Plaintiff's Section 1983 claim, and substantively on the Plaintiff's RICO claim.

6. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a), as well as the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c)(d).

7. In the Spring of 2011, Defendant O'Brien, on duty as a Schaumburg police officer, stopped the Plaintiff's vehicle, having recognized the Plaintiff from a previous drug arrest.

8. The Plaintiff had been recently paroled, he was not involved in taking or selling drugs, and was attempting to clean up his life.

9. During that stop, even though the Plaintiff told Defendant O'Brien that he no longer was involved with illegal drugs, Defendant O'Brien threatened the Plaintiff that he would plant drugs on him and that he would go back to prison if he did not cooperate with Defendant O'Brien in giving Defendant O'Brien the name of a drug dealer.

10. Defendant O'Brien then let the Plaintiff go.

11. The Plaintiff did not provide Defendant O'Brien with the name of any drug dealer, and thus when Defendant O'Brien saw the Plaintiff again, O'Brien again pulled the Plaintiff over while on duty, and told the Plaintiff that it was "too late now."

12. Thereafter, Defendant O'Brien searched the Plaintiff and his home, and came out of

the house showing the Plaintiff narcotics, claiming he found them in the Plaintiff's home, which was simply not true. This was planted, *i.e.* fabricated and/or manufactured evidence, since the Plaintiff did not possess any illegal drugs.

13. Furthermore, during the search, Defendant O'Brien stole hundreds of dollars of legitimate money from the Plaintiff, and personally kept the money for himself, all the while concealing this fact in official reports about the incident.

14. Upon information and belief, Defendant Hudak knew that Defendant O'Brien had stolen this money.

15. Stealing money from citizens, drug dealers and/or arrestees was part of a continuous scheme over several years that Defendants O'Brien and Hudak had been involved in, and this robbery was in furtherance of this scheme to make Defendants O'Brien and Hudak wealthy, by covering up for each other (and other Village of Schaumburg police officers) when any of the officers stole money.

16. The Defendants' racketeering activity occurred over several years, and only ended when these Defendants were criminally charged with committing several felonies, incarcerated, and terminated from employment with the Village of Schaumburg.

17. Defendants O'Brien and Hudak entered into a conspiracy to legitimize the illegal search by obtaining a search warrant.

18. On or about May 11, 2011, Defendant Hudak swore out a complaint for a search warrant seeking a search warrant to search the Defendant and his home at 210 North Waterford Drive in Schaumburg, Cook County, Illinois.

19. In that complaint, Defendant Hudak fabricated and/or manufactured evidence in order to induce a Cook County judge to issue the search warrant.

20. In that complaint, Defendant Hudak fabricated and/or manufactured evidence that the Plaintiff was selling cocaine out of his home, including but not limited to the fact that there was a confidential informant ("CI") and/or multiple CIs, and that Defendant Hudak made personal observations that indicated the Plaintiff sold the CI narcotics out of the Plaintiff's home on numerous occasions prior to the execution of the search warrant.

21. The Plaintiff did not sell the CI any cocaine, nor any other person any cocaine; this was complete fabrication, a fabrication known to be one by Defendants Hudak and O'Brien.

22. Hudak, like Defendant O'Brien, knew the Plaintiff did not possess any narcotics and knew Defendant O'Brien planted that evidence, but Defendant Hudak nevertheless conspired with O'Brien to falsely claim in police reports that narcotics were found in the Plaintiff's home, the basis of which was the Plaintiff being charged with felony drug possession in the Circuit Court of Cook County.

23. Before trial, the Plaintiff's attorney filed a motion requesting a *Franks* hearing, and on January 17, 2012, a judge denied the motion, relying on the fabricated and/or manufactured evidence provided in the complaint for the search warrant and in police reports.

24. Faced with the prospect of serving a long prison sentence if he lost at trial, the Plaintiff accepted an offer from the State to plead guilty to a lesser charge, and on February 28, 2012, the Plaintiff entered a guilty plea to the felony offense of possession of a controlled substance, and on April 13, 2012, the Plaintiff was sentenced to 4 years in the Illinois Department of Corrections.

25. The Plaintiff served the full term required by law (taking into account good-time credits).

26. In January of 2013, Defendants O'Brien and Hudak were charged with multiple felony convictions in the DuPage County, after an investigation revealed these Defendants were corrupt police officers who conspired for several years with each other and others to steal, burglarize, intimidate witnesses, commit armed violence, commit perjury, deal in large amounts of illegal narcotics, commit home invasions, and other serious felony offenses in order to gain wealth from engaging in an enterprise of robbing drug dealers and non-drug dealers and dealing drugs themselves.

27. The Defendants engaged in a conspiracy with themselves and others (both employees of the Village of Schaumburg and non-employees with the Village of Schaumburg) to commit serious felonies in an attempt to gain wealth for themselves, and used an "enterprise" (the Village of Schaumburg Police Department), to do so. This enterprise was engaged in activities that affected interstate commerce.

28. Defendants O'Brien and Hudak individually and collectively, and in a conspiracy, engaged in a pattern of racketeering activating within the meaning of 18 U.S.C. §§ 1961, 1962 (c), to wit robbery, extortion, witness intimidation, dealing in narcotics, obstructing the enforcement of laws, the manufacturing/falsification of evidence, perjury, official misconduct, and other serious felony offenses.

29. Defendant Village of Schaumburg is vicariously liable for the actions of Defendants O'Brien and Hudak on the Plaintiff's RICO claim (and liable substantively on the Plaintiff's Section 1983 *Monell* claim) because, *inter alia*, the Village and its high-

ranking officers knew or should have known Defendants O'Brien and Hudak were involved in the illegal activities described in the complaint, but failed to take any action to prevent this from occurring. Defendant Village of Schaumburg benefitted from this scheme because the actions of Defendants O'Brien and Hudak reaped monetary benefits to the Village of Schaumburg in the form of court fines, and governmental funding.

30. As a result of the acts of the Defendants, the Plaintiff was injured in his property, *inter alia* Defendant O'Brien stole money from the Plaintiff and Defendants O'Brien and Hudak conspired to cover up this fact in official reports.

31. On May 17, 2013, the Plaintiff filed a petition to vacate his guilty plea based on newly discovered evidence, *i.e.* the revelation of the Defendant officers' police corruption.

32. On July 19, 2013, the Court vacated the Plaintiff's conviction.

33. On August 16, 2013, the Cook County State's Attorney's Office dismissed all charges against the Plaintiff.

34. As a result of the unlawful actions of Defendants O'Brien and Hudak, the Plaintiff suffered a loss of liberty (he was sentenced to a 4-year prison term), and a loss of property, including but not limited to cash that was stolen from him by Defendant O'Brien, but also several thousands of dollars in attorneys' fees and loss of income/economic opportunity.

35. The Plaintiff brings a federal Section 1983 due process claim against Defendants O'Brien and Hudak for fabrication/manufacture of evidence, and also a RICO claim against Defendants O'Brien, Hudak and the Village of Schaumburg, seeking treble

damages and attorneys' fees and costs.

36. The Plaintiff also brings a *Monell* claim against Defendant Village of Schaumburg for failing to train, supervise, monitor, discipline, counsel or otherwise maintain control of its police officers so as to prevent them from stealing money from individuals such as the Plaintiff, and so as to prevent them from manufacturing and/or fabricating evidence.

37. Upon information and belief, Defendant Village was well aware of a pattern and practice of activity by these Defendant officers, and other Village of Schaumburg police officers, that put the Village on notice that its officers were engaging in corrupt activities, including stealing, robbing, and planting evidence, but Defendant Village did nothing to prevent this from occurring, the proximate cause of which was the Plaintiff being falsely imprisoned and being robbed of his money, as well as other damages.

38. The Plaintiff suffered pecuniary and severe emotional damages as a result of the actions of the Defendants.

39. The Plaintiff seeks compensatory and punitive damages against Defendants O'Brien and Hudak, and because they acted maliciously, punitive damages and attorneys' fees and costs as well.

40. The Plaintiff seeks indemnification for all compensatory damages and attorneys' fees and costs from Defendant Village of Schaumburg.

**COUNT I – Section 1983 Due Process Claim for Fabricating/Manufacturing Evidence – Plaintiff Against Defendants O'Brien and Hudak**

41. The Plaintiff re-alleges all the previous allegations.

42. The Plaintiff has the right to fair court proceedings under the due process clause of

the United States Constitution.

43. Defendants O'Brien and Hudak denied him that right by fabricating/manufacturing evidence, as described more fully above.

44. The result of the Defendants' actions were the denial of his pre-trial motion to suppress evidence, and resulted in the Plaintiff entering into a guilty plea, which was later vacated by the court after the Plaintiff served his criminal sentence and was released from custody.

45. The Plaintiff suffered damages as a result.

## COUNT II – Section 1983 *Monell* Claim – Plaintiff Against Defendant Village of Schaumburg

46. The Plaintiff re-alleges all the previous allegations.

47. The Plaintiff has the right to fair court proceedings under the due process clause of the United States Constitution.

48. Defendants O'Brien and Hudak denied him that right by fabricating/manufacturing evidence, as described more fully above.

49. The result of the Defendants' actions were the denial of his pre-trial motion to suppress evidence, and resulted in the Plaintiff entering into a guilty plea, which was later vacated by the court after the Plaintiff served his criminal sentence and was released from custody.

50. Defendant Village of Schaumburg is also liable, separate from the actions of Defendants O'Brien and Hudak, because the Village failed to properly train, supervise, discipline, or otherwise control these Defendants, and other Village of Schaumburg police officers, even though the Village knew or should have known that these officers, and other police officers, were fabricating/manufacturing evidence in

criminal cases.

51. The Plaintiff suffered damages as a result.

### **COUNT III – 18 U.S.C. § 1962 (c)(d) RICO Claim – Plaintiff Against All Defendants**

52. The Plaintiff re-alleges all the previous allegations.

53. The Plaintiff brings a 1962 (c) claim against all Defendants, and a 1962 (d) conspiracy claim against all Defendants.

54. Defendants O'Brien and Hudak engaged in a pattern of racketeering activities, individually, in a conspiracy with one another, and in a conspiracy or conspiracies with others, including Village of Schaumburg police officers and non-Village of Schaumburg police officers.

55. These racketeering activities included, numerous and repeated instances of misconduct, including but not limited to, robbery, extortion, felony dealing/delivery/buying/selling of a controlled substance, obstruction of justice, tampering with witnesses, manufacturing/planting evidence, felony official misconduct, and retaliating against witnesses/informants.

56. The Plaintiff was injured in his property as a result of the actions of the Defendants because, inter alia, his money was stolen from him by Defendant O'Brien.

57. Defendants O'Brien and Hudak used an "enterprise," as defined by 18 U.S.C. § 1961(4), i.e. in this case, the Village of Schaumburg and/or its Police Department.

58. Defendants O'Brien and Hudak participated in the operation and management of the "enterprise," and or associated with the enterprise and participated in its operation.

59. Defendant Village of Schaumburg is vicariously liable for the actions of Defendants O'Brien and Hudak because the Village, a corporation, has derived benefits from the

RICO violations, and the Village should be liable because it is not a victim of the RICO violations, but was a beneficiary of the actions, in the form of increased fines and funding that went to the Village and its Police Department that resulted from the RICO violations committed by Defendants O'Brien and Hudak, and other Village of Schaumburg employees, more specifically, but not limited to, those engaged in the drug trade or those the Defendants engaged to be involved in the drug trade.

60. The Village consented to and/or took an active part in the fraudulent conduct or racketeering activities of Defendants O'Brien and Hudak, as well as other Village of Schaumburg police officers.

61. The Village knew or should have known, and in fact encouraged these Defendant police officers and other of its police officers to continue their illegal activities when they failed to control/discipline these officers, despite their knowledge of their illegal actions and/or their reckless disregard of their illegal actions.

62. The result of the Defendants' actions, on this count and all the counts, was the denial of The Plaintiff's pre-trial motion to suppress evidence, denied him the right to have a fair trial, and resulted in the Plaintiff entering into a guilty plea, which was later vacated by the court after the Plaintiff served his criminal sentence and was released from custody.

63. The Plaintiff suffered damages on this count and all counts as a result, including but not limited to loss of money (the money stolen from him by Defendant O'Brien), payment of attorneys' fees, lost wages and/or economic opportunities, emotional pain and suffering and imprisonment.

**COUNT IV - Indemnification**

(Plaintiff v. Village of Schaumburg)

64. Plaintiffs re-allege the previous paragraphs and incorporate them herein as if stated in full.

65. In this action, the Plaintiff seeks compensatory damages against all Defendants as it relates to all counts, punitive damages against Defendant Officers O'Brien and Hudak, attorneys' fees and costs on the Section 1983 claims, and treble fees and costs on the RICO claims.

66. The Defendant Village of Schaumburg is the indemnifying entity for the actions described in this Complaint; to wit, the actions of the Defendant Officers O'Brien and Hudak against Plaintiffs, which were taken while acting under color of law and in the course and scope of their employment with the Village of Schaumburg.

WHEREFORE, should the Defendant Officers be found liable on one or more of the claims set forth herein, the Plaintiff demands that the Defendant Village of Schaumburg be found liable for any judgment, other than punitive damages, the Plaintiff obtains thereon.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: s/ Richard Dvorak
Richard Dvorak,
One of the Plaintiff's Attorneys.

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146
richard.dvorak@civilrightsdefenders.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 30, 2015 he caused a copy of the foregoing document, **Plaintiffs' Second Amended Complaint**, to be served on all parties of record via the Court's electronic filing system.

/s/Richard Dvorak