IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SEAN CERAMI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 15 C 6281 |
| | ) | |
| VILLAGE OF SCHAUMBURG, | ) | Hon. Judge Manish S. Shah |
| a municipal corporation, | ) | |
| TERRANCE O'BRIEN, | ) | Hon. Mag. Judge Daniel Martin |
| a Village of Schaumburg Police Officer, | ) | |
| MATTHEW HUDAK, | ) | |
| A Village of Schaumburg Police Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

The Plaintiff, SEAN CERAMI, through his attorneys, DVORAK LAW OFFICES, LLC, hereby complains against the Defendants, VILLAGE OF SCHAUMBURG, TERRANCE O'BRIEN, and MATTHEW HUDAK, as follows:

1. The Plaintiff, Sean Cerami, is a resident of DuPage County, Illinois.

2. Defendant Terrance O'Brien ("Defendant O'Brien"), a former Village of Schaumburg police officer, is currently a prisoner at Illinois' Menard Correctional Center, serving a 24-year prison sentence for burglary, manufacture/delivery of a controlled substance, official misconduct, and armed violence, all state law felonies.

3. Defendant Matthew Hudak ("Defendant Hudak"), a former Village of Schaumburg police officer, is currently a prisoner at Illinois' Dixon Correctional Center, serving a 26-year prison sentence for burglary, manufacture/delivery of a controlled substance, official misconduct, and armed violence, all state law felonies.

4. At all times relevant to this complaint, Defendants O'Brien and Hudak were acting under color of law, and within the course and scope of their employment as Village of

Schaumburg police officers.

5. Defendant Village of Schaumburg ("Defendant Village") is sued based on an indemnification theory of liability, as well as a *Monell* theory of liability as to the Plaintiff's Section 1983 claim(s).

6. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction.

7. In the Spring of 2011, Defendant O'Brien, on duty as a Schaumburg police officer, stopped the Plaintiff's vehicle, having recognized the Plaintiff from a previous drug arrest.

8. The Plaintiff had been recently paroled, he was not involved in taking or selling drugs, and was attempting to clean up his life.

9. During that stop, even though the Plaintiff told Defendant O'Brien that he no longer was involved with illegal drugs, Defendant O'Brien threatened the Plaintiff that he would plant drugs on him and that he would go back to prison if he did not cooperate with Defendant O'Brien in giving Defendant O'Brien the name of a drug dealer.

10. Defendant O'Brien then let the Plaintiff go.

11. The Plaintiff did not provide Defendant O'Brien with the name of any drug dealer, and thus when Defendant O'Brien saw the Plaintiff again, O'Brien again pulled the Plaintiff over while on duty, and told the Plaintiff that it was "too late now."

12. Thereafter, Defendant O'Brien searched the Plaintiff and his home, and came out of the house showing the Plaintiff narcotics, claiming he found them in the Plaintiff's home, which was simply not true. Instead, Defendant O'Brien planted this evidence

in the Plaintiff's home, *i.e.* he put drugs in the Plaintiff's home where none existed, then Defendant O'Brien falsely claimed in police reports submitted to the State's Attorney's Office that he found the drugs in the Plaintiff's home, *i.e.* he fabricated and/or manufactured evidence, since the Plaintiff did not possess any illegal drugs before Defendant O'Brien planted those drugs in his home.

13. Upon information and belief, Defendant Hudak knew that Defendant O'Brien planted evidence on the Plaintiff, and thereafter Defendants O'Brien and Hudak entered into a conspiracy to cover up Defendant O'Brien's planting of evidence in the Plaintiff's home.

14. On or about May 11, 2011, Defendant Hudak swore out a complaint for a search warrant seeking a search warrant to search the Defendant and his home at 210 North Waterford Drive in Schaumburg, Cook County, Illinois.

15. In that complaint, Defendant Hudak fabricated and/or manufactured evidence in order to induce a Cook County judge to issue the search warrant.

16. In that complaint, Defendant Hudak fabricated and/or manufactured evidence that the Plaintiff was selling cocaine out of his home, including but not limited to the fact that there was a confidential informant ("CI") and/or multiple CIs, and that Defendant Hudak made personal observations that indicated the Plaintiff sold the CI narcotics out of the Plaintiff's home on numerous occasions prior to the execution of the search warrant.

17. This information was false, and Defendant Hudak also put this false information in police reports tendered to the State's Attorney's Office. The Plaintiff did not sell the CI any cocaine, nor any other person any cocaine; in fact, there was no CI, and this

was simply invented by Defendant Hudak, *i.e.,* this was a complete fabrication, a fabrication known to be one by Defendants Hudak and O'Brien.

18. Defendant Hudak, like Defendant O'Brien, knew the Plaintiff did not possess any narcotics, knew Defendant O'Brien planted evidence in the Plaintiff's home, and he knew Defendant O'Brien planted that evidence, but Defendant Hudak nevertheless conspired with O'Brien to falsely claim in police reports that narcotics were found in the Plaintiff's home.

19. These false police reports were submitted to the Cook County State's Attorney's Office, and caused the Plaintiff to be charged with certain drug-related felonies in the Circuit Court of Cook County.

20. The Defendant also submitted or caused to be submitted the planted cocaine to the Illinois State Police Crime Lab for testing, and this manufactured/fabricated evidence was an integral part of the prosecution, readily available to be presented at trial if the Plaintiff went to trial on these charges.

21. Before trial, the Plaintiff's attorney filed a motion requesting a *Franks* hearing, challenging the CI information, and in response the State was able to submit the police reports to the court, who in turn relied on these false police reports to deny the Plaintiff his right to a hearing on the Franks motion.

22. On January 17, 2012, the state court denied the motion (more specifically, the court ruled the Plaintiff was not entitled to a "*Franks* hearing" based on his submission and the response by the State pointing to the CI information and the cocaine possession in the home).

23. Faced with the prospect of serving a long prison sentence if he lost at trial, the

Plaintiff accepted an offer from the State to plead guilty to a lesser charge, and on February 28, 2012, the Plaintiff entered a guilty plea to the felony offense of possession of a controlled substance, and on April 13, 2012, the Plaintiff was sentenced to 4 years in the Illinois Department of Corrections.

24. The Plaintiff served the full term required by law (taking into account good-time credits).

25. In January of 2013, Defendants O'Brien and Hudak were charged with multiple felony convictions in the DuPage County, after an investigation revealed these Defendants were corrupt police officers who conspired for several years with each other and others to steal, burglarize, intimidate witnesses, commit armed violence, commit perjury, deal in large amounts of illegal narcotics, commit home invasions, and other serious felony offenses in order to gain wealth from engaging in an enterprise of robbing drug dealers and non-drug dealers and dealing drugs themselves.

26. On May 17, 2013, the Plaintiff filed a petition to vacate his guilty plea based on newly discovered evidence, *i.e.* the revelation of the Defendant officers' police corruption.

27. On July 19, 2013, the Court vacated the Plaintiff's conviction.

28. On August 16, 2013, the Cook County State's Attorney's Office dismissed all charges against the Plaintiff.

29. As a result of the unlawful actions of Defendants O'Brien and Hudak, the Plaintiff suffered a loss of liberty (he was sentenced to a 4-year prison term), and other damages, including but not limited to severe emotional distress and pecuniary

damages.

30. The Plaintiff brings a federal Section 1983 due process claim against Defendants O'Brien and Hudak for fabrication/manufacture of evidence.

31. The Plaintiff also brings a *Monell* claim against Defendant Village of Schaumburg for failing to train, supervise, monitor, discipline, counsel or otherwise maintain control of its police officers so as to prevent them from manufacturing and/or fabricating evidence.

32. Upon information and belief, Defendant Village knew or should have known of a pattern and practice of activity by these Defendant officers, and other Village of Schaumburg police officers, that put the Village on notice that its officers were engaging in corrupt activities, including stealing, robbing, planting evidence, and testifying falsely in police reports, but Defendant Village did nothing to prevent this from occurring, the proximate cause of which was the Plaintiff being falsely imprisoned for a crime he did not commit.

33. Upon information and belief, Defendants Hudak and O'Brien, as well as other Schaumburg officers, were allowed by the Village to work independent of regional, state and federal task forces.

34. Upon information and belief, the supervisors of Defendants Hudak and O'Brien were out of the office for months at a time, leaving supervision to two sergeants and a commander for the entire investigations division.

35. In a March 22, 2013 newspaper article in the Chicago Tribune, Mark Piccoli, director of the DuPage Metropolitan Enforcement Group, a multijurisdictional drug task force, told the Tribune reporter, "No one was paying attention. That's the problem. If you

are lax on supervision, the potential for abuse is high."

36. Jack Riley, special agent in charge of the U.S. Drug Enforcement Administration in Chicago, told the Tribune reporter in that same article that he could not remember another time when one suburban police department stood accused of such brazen acts, and that "many times . . . this goes right back to a lack of supervision and controls. It leads me to believe someone should have been watching a little closer."

37. Schaumburg Police Chief Brian Howerton, the chief of police at the relevant times of this complaint, in that same newspaper article, admitted that he gave his police officers "an incredible amount of autonomy," and that officers "can take drugs or money if they want – until they get caught."

38. Chief Howerton resigned shortly after making these remarks.

39. In an internal audit report, released to the public in July of 2013, the auditing firm Hillard Heintz criticized the Village's supervision of Defendants Hudak and O'Brien, as well as other officers during the relevant time period.

40. Among the findings of this internal audit, commissioned by the Village of Schaumburg, the agency found a lack of supervision of these officers to be systematic, and problematic, which may have led to the emboldening of the actions of these officers.

41. The Plaintiff suffered pecuniary and severe emotional damages as a result of the actions of the Defendants.

42. The Plaintiff seeks compensatory and punitive damages against Defendants O'Brien and Hudak, and because they acted maliciously, punitive damages and attorneys' fees and costs as well.

43. The Plaintiff seeks indemnification for all compensatory damages and attorneys' fees and costs from Defendant Village of Schaumburg.

**COUNT I – Section 1983 Due Process Claim for Fabricating/Manufacturing Evidence – Plaintiff Against Defendants O'Brien and Hudak/Section 1983 Conspiracy to deprive due process.**

44. The Plaintiff re-alleges all the previous allegations.

45. The Plaintiff has the right to fair court proceedings under the due process clause of the United States Constitution.

46. Defendants O'Brien and Hudak denied him that right by fabricating/manufacturing evidence, as described more fully above.

47. The actions of Defendants O'Brien and Hudak caused the Plaintiff a deprivation of his liberty, *i.e.*, the planting of evidence and the making up of a non-existent CI caused the Plaintiff to be immediately and continuously incarcerated, from the date of the planting of evidence to the day he was released from IDOC custody.

48. The result of the Defendants' actions were the Plaintiff being charged with a felony offense, his continuous imprisonment from the day Defendant O'Brien planted evidence on the Plaintiff up to his release from prison, the denial of his pre-trial *Franks* motion to suppress evidence, and resulted in the Plaintiff entering into a guilty plea, which was later vacated by the court after the Plaintiff served his criminal sentence and was released from custody.

49. The Defendants agreed that they would conspire together to get the Plaintiff charged with felonies, and to have him prosecuted and convicted and imprisoned, even though they knew he was innocent.

50. The Defendants knew the Plaintiff did not possess illegal drugs in his home, they

knew Defendant O'Brien planted those drugs in his home, and they knew the CI information submitted in police reports and in a complaint for a search warrant was a complete fabrication, *i.e.*, there was no CI, and the Plaintiff never sold any drugs to the CI.

51. The Defendants took several over acts in support of this conspiracy, the result of which was the Plaintiff being falsely imprisoned for a crime he did not commit.

52. The Plaintiff suffered damages as a result, described more fully above.

## **COUNT II – Section 1983 *Monell* Claim – Plaintiff Against Defendant Village of Schaumburg**

53. The Plaintiff re-alleges all the previous allegations.

54. The Plaintiff has the right to fair court proceedings under the due process clause of the United States Constitution.

55. Defendants O'Brien and Hudak denied him that right by fabricating/manufacturing evidence, as described more fully above.

56. The result of the Defendants' actions were the Plaintiff being charged with felony offenses, his continuous imprisonment from the day Defendant O'Brien planted evidence on the Plaintiff up to his release from prison, the denial of his pre-trial *Franks* motion to suppress evidence, and resulted in the Plaintiff entering into a guilty plea, which was later vacated by the court after the Plaintiff served his criminal sentence and was released from custody.

57. Defendant Village of Schaumburg is also liable, separate from the actions of Defendants O'Brien and Hudak, because the Village failed to properly train, supervise, discipline, or otherwise control these Defendants, and other Village of Schaumburg police officers, even though the Village knew or should have known that

these officers, and other police officers, were fabricating/manufacturing evidence in criminal cases.

58. The Plaintiff suffered damages as a result.

## COUNT III - Indemnification

(Plaintiff v. Village of Schaumburg)

59. Plaintiff re-alleges the previous paragraphs and incorporate them herein as if stated in full.

60. In this action, the Plaintiff seeks compensatory damages against all Defendants as it relates to all counts, punitive damages against Defendant Officers O'Brien and Hudak only, and attorneys' fees and costs on the Section 1983 claims.

61. The Defendant Village of Schaumburg is the indemnifying entity for the actions described in this Complaint; to wit, the actions of the Defendant Officers O'Brien and Hudak against Plaintiffs, which were taken while acting under color of law and in the course and scope of their employment with the Village of Schaumburg.

WHEREFORE, should the Defendant Officers be found liable on one or more of the claims set forth herein, the Plaintiff demands that the Defendant Village of Schaumburg be found liable for any judgment, other than punitive damages, the Plaintiff obtains thereon.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: s/ Richard Dvorak
Richard Dvorak,
One of the Plaintiff's Attorneys.

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146
richard.dvorak@civilrightsdefenders.com

## **CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that on January 8, 2016 he caused a copy of the foregoing document, **Plaintiffs' Second Amended Complaint**, to be served on all parties of record via the Court's electronic filing system.

                                                /s/Richard Dvorak